Opinion issued March 22, 2007







 









In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00107-CR

 __________


JOSEPH REDWOODSON GRANT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1027214






MEMORANDUM OPINION

 A jury found appellant, Joseph Redwoodson Grant, guilty of murder and
assessed punishment at life in prison after finding true two enhancement paragraphs,
alleging prior felony convictions for unauthorized use of a motor vehicle and burglary
of a habitation. In two points of error, appellant argues that the evidence was legally
and factually sufficient to show that he committed the offense of murder. We affirm.

Background


 Appellant and Telicia Dunn dated, but broke up in May of 2005, when Dunn
was three-months pregnant with appellant's baby. After the break up, Dunn went to
appellant's grandmother's house, where appellant was staying, and requested that
appellant return some of her property. He refused, and Dunn called the police. When
the police arrived, appellant and his family members refused to cooperate, and several
of appellant's relatives were arrested. Appellant's grandmother passed away that day,
and he and his family blamed Dunn for her death.

 On May 15, 2005, Garon "Darrell" Mahon, a friend, spent the night on Dunn's
couch. The next morning, Dunn drove Mahon to a nearby bus stop, where he was
going to catch a bus to work. Dunn's two- and six-year-old children were in the back
seat. On the way to the bus stop, appellant drove up and parked diagonally in front
of Dunn's car. Appellant ran up to Dunn's already rolled down car window and held
a gun to her head. He said, "What's up?," and Mahon said, "Man, you tripping. The
kids are in the car." Appellant continued to hold the gun to Dunn's head, and Mahon
said, "Let me get to my tools. Let me get out of here and get to my tools." Mahon
opened the trunk by pushing a button in the glove compartment. Appellant then
pointed the gun at Mahon and said, "Fool, you don't want to do that." Mahon
responded, "I'm getting out because there are kids in the car." Appellant ran around
to the passenger side as Mahon got out of the car. Because he did not have a weapon
or anything in his hand, Mahon punched appellant in an attempt to deflect the gun.
While appellant and Mahon started to fight, Dunn told her children to get to the floor
of the car. She heard six gunshots in quick succession, and she saw appellant walk
to his car and drive away. Dunn pulled Mahon, who had been shot multiple times,
in the car and drove to get help. Mahon died from his wounds.

 Dunn showed the police officers where the shooting occurred, and they
recovered several .380 caliber casings, including one casing found in the back seat
of Dunn's car. A .380 caliber fired, jacketed, hollow-point lead bullet was recovered
from Mahon's body in the morgue. Appellant was arrested for Mahon's murder.

Sufficiency


 In two points of error, appellant argues that the evidence was legally and
factually insufficient to show that he committed the offense of murder. 

Standard of Review

 In reviewing a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997). We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we
cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts the
jury's verdict. Id. In conducting a factual-sufficiency review, we must also discuss
the evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination depends
on the fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at
408-09. As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n.5.

Analysis

 A person commits murder if he intentionally or knowingly causes the death of
an individual or intends to cause serious bodily injury and intentionally or knowingly 
commits an act clearly dangerous to human life that causes the death of an individual. 
Tex. Pen. Code Ann. § 19.02(b)(1), (2) (Vernon 2003). Appellant was charged by
indictment with murder by two paragraphs alleging that he (1) intentionally and
knowingly caused the death of the complainant by shooting him with a deadly
weapon, namely a firearm, or (2) intended to cause serious bodily injury to the
complainant and did cause the death of the complainant by intentionally and
knowingly committing an act clearly dangerous to human life, namely by shooting the
complainant with a deadly weapon, namely a firearm. 

 Appellant contends that "the facts and circumstances of the offense do not
show an intent to kill the complainant nor do they show an intent to cause serious
bodily injury." He further argues that "the evidence is legally and factually
insufficient to show that appellant knowingly committed murder." We disagree. 

 All of the shell casings at the scene, the one found in Dunn's car, and the bullet
recovered from Mahon's body were fired from the same .380 caliber weapon. Dunn
testified that she saw appellant fighting with Mahon, and she heard multiple gunshots. 
The Houston Police Department Firearms lab forensic firearms examiner testified
that, in order for the gun to fire, all of the safeties on the gun had to have been off, the
person shooting the gun would have had to pull the slide to cock the firearm, and the
person would have to pull the trigger all six times. Viewing the evidence in the light
most favorable to the jury's verdict, any rational trier of fact could find beyond a
reasonable doubt that appellant held the requisite intent. See Adanandus v. State, 866
S.W.2d 210, 215 (Tex. Crim. App. 1993) (holding that, if deadly weapon is used in
deadly manner, inference is almost conclusive that defendant intended to kill). 
Accordingly, we hold that the evidence was legally sufficient to support the
conviction, and we overrule point of error one.

 Appellant contends that, although he ran up to Dunn's open car window with
a loaded gun, he could not have anticipated that Mahon would hit him and that the
gun would discharge and kill Mahon. The evidence is undisputed that appellant held
a loaded gun to Dunn's head; ran around to the passenger side when Mahon opened
the glove compartment and then pointed the gun at Mahon and said, "Fool, you don't
want to do that;" because he did not have a weapon or anything in his hand, Mahon
punched appellant in an attempt to deflect the gun; appellant and Mahon started to
fight; Dunn heard six gunshots in quick succession; and she saw appellant walk to his
car and drive away. 

 The jury could infer the intent to kill from appellant's use of a deadly weapon. 
See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996) (holding jury may
infer intent to kill from use of deadly weapon unless it would not be reasonable to
infer that death or serious body injury could result from use of weapon). Viewing all
of the evidence, the evidence supporting the verdict was not so weak as to be clearly
wrong and manifestly unjust, nor was the contrary evidence so strong that the
standard of proof, beyond a reasonable doubt, could not have been met. Accordingly,
we hold that the evidence is factually sufficient to support the verdict, and we
overrule point of error two. 

Conclusion


 We affirm the trial court's judgment.


 


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).